UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| William R. Mink, | Civil No. 07-cv-4958 (DWF/SER) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Wyeth, Inc., Wyeth Pharmaceuticals, Inc., | |
| Defendants. | |

---

Robert T. Dassow, Esq., Hovde Dassow & Deets, LLC, 10585 North Meridian Street, Suite 205, Indianapolis, IN 46290, for Plaintiff.

W. Mark Lanier, Richard D. Meadow, Esqs., The Lanier Law Firm PLLC, 126 East 56th Street, 6th Floor, New York, NY 10022, for Plaintiff.

Yvonne M. Flaherty, Robert K. Shelquist, Esqs., Lockridge Grindal Nauen PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, for Plaintiff.

Edward F. Fox, Carrie L. Hund, Esqs., Bassford Remele, PA, 33 South 6th Street, Suite 3800, Minneapolis, MN 55402, for Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned matter comes before the undersigned following an Order to Show Cause directing the parties to address whether transfer of venue would be proper pursuant to 28 U.S.C. § 1404(a). (Order to Show Cause Dated May 15, 2014 "Order to Show Cause") [Doc. No. 15]. The parties were further ordered to address which jurisdiction should hear this matter if transfer of venue was appropriate. (*Id.* at 2). This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(B)–(C) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends this case be transferred to the

United States District Court for the Southern District of Indiana.

I. BACKGROUND

   A. Procedural Background

This matter is one of many product liability actions filed in the District of Minnesota relating to injuries allegedly caused by the use of hormone replacement therapy ("HRT"). Plaintiff William R. Mink ("Mink"), individually and as trustee for the estate of Rita D. Mink, ("Rita Mink"), initiated this action on December 28, 2007, against Wyeth LLC ("Wyeth") and Wyeth Pharmaceuticals Inc. ("Wyeth Pharmaceuticals") (collectively "Defendants").[1] *See* (Compl.) [Doc. No. 1]. Two months later, the Judicial Panel on Multidistrict Litigation ("JPML") transferred this action to the Eastern District of Arkansas to coordinate and consolidate pretrial proceedings as provided under 28 U.S.C. § 1407. (Conditional Transfer Order) [Doc. No. 4]. More than six years later, this action was remanded back to the District of Minnesota. (Conditional Remand Order) [Doc. No. 6]. On April 4, 2014, Mink filed a Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages ("Motion to Amend") [Doc. No. 8]. A hearing on Mink's Motion to Amend was cancelled pending a decision on the question of venue. (Notice Dated May 29, 2014) [Doc. No. 25].

   B. Factual Background

Mink is a citizen and resident of the State of Indiana. (Compl. ¶ 14); (Pl.'s Opp'n to 28 U.S.C. § 1401(A) Transfer, "Pl.'s Opp'n to Transfer") [Doc. No. 20 at 5]. Rita Mink was a citizen and resident of Indiana as well. (Compl. ¶ 12). Wyeth is a Delaware corporation headquartered and with its principal place of business in Pennsylvania. (Compl. ¶ 18). Wyeth

---

[1] The names of the Defendants as stated in the caption are used throughout this order, but the Defendants state that the captioned names are incorrect. *See* (Defs.' Resp. to Show Cause Order Regarding Transfer Pursuant to 28 U.S.C. § 1404, "Defs.' Resp.") [Doc. No. 16 at 1].

2

Pharmaceuticals is a New York corporation with its principal place of business in Pennsylvania.[2] (*Id.* ¶ 17). The Complaint alleges that Defendants tested, manufactured, labeled, marketed, distributed, promoted, and sold HRT pharmaceuticals including Premarin, Prempro, Premphase, and Medroxyprogesterone Acetate in Minnesota. (*Id.* ¶¶ 17, 18). Rita Mink was prescribed Prempro in 1998 and was later diagnosed with cancer. (*Id.* ¶ 13). Mink now alleges that Rita Mink died in 2006 because of the prescribed HRT pharmaceuticals. (*Id.* ¶ 15).

Because the face of the Complaint revealed that none of the parties reside in Minnesota, the Defendants are not incorporated nor do they maintain their principal places of business in Minnesota, and no act or injury giving rise to the action occurred in Minnesota, the Court ordered the parties to show cause for or against transfer. *See* (Order to Show Cause). Mink opposes, and Defendants request, the transfer. (Pl.'s Opp'n to Transfer at 1, 18); (Defs.' Resp. at 1, 2, 9–10). Both parties agree that if transfer of venue is proper, the matter should be transferred to the United States District Court for the Southern District of Indiana. (Pl.'s Opp'n to Transfer at 18); (Defs.' Resp. at 1, 2, 9–10).

## II. DISCUSSION

### A. Transfer of Venue

#### 1. Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). A court must balance the following three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

---

[2] The Complaint alleges that Wyeth and Wyeth Pharmaceuticals also have principal places of business in New Jersey. (Compl. ¶ 17–18).

A court should consider the enumerated factors, but is also required to conduct a "case-by-case evaluation of the particular circumstances involved." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (DSD/AJB) (citing *Terra Int'l, Inc.*, 119 F.3d at 691). A party "seeking transfer bears the burden of proof to show that the balance of factors strongly favors" transfer. *Id.* (internal quotation marks omitted).

### 2. Proper Venue of Transferee Court

A civil action may be brought in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). An action may only be transferred to a venue where it might have been brought initially. 28 U.S.C. § 1404(a). The parties do not dispute that a substantial part of events giving rise to Plaintiff's claims occurred in Indiana. Rita Mink lived, was prescribed Prempro, and was diagnosed with and succumbed to cancer in Indiana. (Compl. ¶¶ 12–14); (Defs.' Resp. at 3); (Pl.'s Opp'n to Transfer at 5). The Court concludes that this action might have been brought in the Southern District of Indiana.

### 3. Convenience of the Parties

The Court also concludes that a transfer of venue would better serve the convenience of the parties. Neither party "is located in Minnesota, no relevant event occurred in Minnesota, [and] no alleged injury was suffered in Minnesota." *Caraballo v. Novartis Pharm. Corp.*, 907 F. Supp. 2d 996, 997 (D. Minn. 2012) (DSD/JJG). To the contrary, "Plaintiff is, and always has been, a citizen and resident of Indiana." (Pl.'s Opp'n to Transfer at 5). As noted in similar cases, "Minnesota does not appear to be convenient for **anyone**." *Powell v. I-Flow Corp.*, 711 F. Supp. 2d 1012, 1015 (D. Minn. 2010) (PJS/FLN); *see also Fisher v. Wyeth*, Civil No. 04-3107

(DSD/SER), 2011 WL 797449, at *1 (D. Minn. Feb. 28, 2011).[3] Because any state with a connection to the parties in this matter would be more appropriate, this factor favors transferring this matter.[4]

### 4. Convenience of the Witnesses

The accessibility and convenience of a venue for potential witnesses must also be considered. *Terra Int'l, Inc.*, 119 F.3d at 691. The case filings show that the doctors who treated Rita Mink reside and practice in Indiana. (Pl.'s Opp'n to Transfer at 16); *see also* (Defs.' Resp. at 6). There is also evidence that in-patient and out-patient facilities relevant to this action are located in Indiana. *See* (Pl.'s Fact Sheet, Ex. 1, Attached to the Decl. of Carrie L. Hund) [Doc. No. 18 at 6–7]. Mink notes that at least one medical witness has moved to a different state since this matter was initiated. (Pl.'s Opp'n to Transfer at 16). But there is no evidence that any witness in this case resides in Minnesota. (Defs.' Resp. at 6). For the potential witnesses residing in Indiana, the Southern District of Indiana is a more convenient forum. Alternatively, even if some witnesses no longer reside in Indiana, a transfer would not cause more inconvenience to those witnesses than the inconvenience caused by litigating this case in Minnesota. These

---

[3] In reply to the Court's Order to Show Cause, Mink filed an Affidavit of Robert T. Dassow Regarding Transfer of Venue, "Dassow Aff.," [Doc. No. 21], with seven exhibits attached. Exhibit 1 contains four slip opinions, which will be cited herein as individual unreported cases. Exhibit 2, Defendants' Submission re Propriety of 1404(a) Transfer [Doc. No. 21-1 at 22–34], will be cited herein as "*Foster* Brief." Exhibit 3 will be cited herein as *Foster v. Wyeth, Inc.*, No. 04-cv-3964 (PAM/LIB) (D. Minn. Mar. 1, 2011), "*Foster v. Wyeth*" [Doc. No. 21-1 at 36–40].

[4] While Mink cites *Burks v. Abbott Laboratories*, Civil No. 08–3414 (JRT/JSM), 2008 WL 4838720 (D. Minn. Nov. 5, 2008), in which the defendants' motions to transfer venue were denied, *Burks* is distinguishable. Specifically, in *Burks*, transfer was sought very early in the proceedings and the convenience of the parties did not favor transfer in part because it was anticipated that "a substantial part of the discovery" would occur outside of both Minnesota and the proposed transferee venue, Louisiana, making Louisiana no more convenient a forum than Minnesota. *Burks*, 2008 WL 4838720 at *2. Here, the appropriateness of a transfer of venue is before the Court after the conclusion of lengthy MDL pretrial proceedings.

witnesses would be required to travel regardless of which forum handles this case, making Indiana just as convenient a forum as Minnesota. In addition, it seems likely that other important witnesses will include company witnesses. Defendants' principal places of business are located on the East Coast, making Indiana a slightly more convenient forum than Minnesota for these witnesses. *Cf. Holt v. Wyeth*, 05-263 (DWF/JSM), 2012 WL 1901290, at *2 (D. Minn. May 25, 2012). On balance, this factor favors transferring this matter.

### 5. Interests of Justice

The Court must also consider which venue will best serve the interests of justice. *Graff*, 33 F. Supp. 2d at 1122. This factor is "weighed very heavily." *Id.* In weighing the interests of justice, courts consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l, Inc.*, 119 F.3d at 696. Defendants focus their arguments on the diminished deference to Mink's choice of forum, the fact that transfer will not upset Minnesota's statute of limitations as applied to this action, and the interest that Indiana has in determining questions of local law. (Defs.' Resp. at 6–7). Mink focuses his arguments on the judicial economy served by maintaining the case here, the presumption in favor of a plaintiff's choice of forum, and states that this case can "be suitably addressed by the District of Minnesota." (Pl.'s Opp'n to Transfer at 7–8). The Court understands this to mean that factors one, two, six, and seven are at issue.

#### a. Judicial Economy

Mink relies heavily on the arguments against transfer advanced by the defendants in *Foster v. Wyeth*, because the defendants in *Foster* and the Defendants in this matter are one and

6

the same. Mink argues that it would be contrary to the notions of judicial efficiency to "cast off" cases to other districts when plaintiffs are allowed to bring such cases in Minnesota. (Pl.'s Opp'n to Transfer at 9) (citing *Foster* Brief at 1). Mink further argues that judicial resources have already been invested in this District. (*Id.*).

But the *Foster* court found that the interests of justice **required** the transfer of venue, and it was specifically noted that "the systemic costs of litigating th[e] case in Minnesota weigh strongly in favor of transferring [the] action to a more convenient forum." *Foster v. Wyeth*, at *4. Indeed, all five court opinions submitted by Mink held that transfer of venue was appropriate. *See Lehman v. Wyeth*, Civil No. 05-0185 (SRN/SER), 2011 WL 2160265, at *2 (D. Minn. June 1, 2011); *Fisher v. Wyeth, Inc.*, Civil No. 04-3107 (DSD/SER), 2011 WL 797449, at *2 (D. Minn. Feb. 28, 2011); *Henderson v. Wyeth, Inc.*, Civil No. 06-3282 (PAM/JSM), 2010 WL 4363566, at *2 (D. Minn. Oct. 28, 2010); *Rogers v. Wyeth*, Civil No. 08-2149 (JNE/JSM), 2010 WL 3324432, at *2 (D. Minn. Aug. 20, 2010). The arguments in opposition to transfer based on judicial economy were not persuasive in *Foster*, and they remain unpersuasive here.

b. **Plaintiff's Choice of Forum**

Mink argues that the Defendants in this case cannot overcome the presumption in favor of his forum selection. (Pl.'s Opp'n to Transfer at 6, 7, 15). It is true that "there is a general presumption in favor of a plaintiff's choice of forum . . . ." *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999) (DSD/JMM); *see* (Pl.'s Opp'n to Transfer at 15) (citing *Burks v. Abbott Labs.*, Civil No. 08-3414 (JRT/JSM), 2008 WL 4838720, at *2 (D. Minn. Nov. 5, 2008)). Yet this general presumption is qualified: "[C]ourts afford that choice significantly less deference when (1) plaintiff does not reside in the selected forum, or (2) the transaction or underlying facts did not occur in the chosen forum." *Soo Line R.R. Co.*, 58 F. Supp. 2d at 1026

7

(internal citations omitted); (Defs.' Resp. at 7); *see also CBS Interactive Inc. v. Nat'l Football League Players Ass'n*, 259 F.R.D. 398, 408 (D. Minn. 2009) (ADM/SRN).

Plaintiffs may choose to inconvenience themselves in civil actions, but when the forum is inconvenient for both parties, an action may be transferred to facilitate the interests of potential parties and witnesses. *See Caraballo*, 907 F. Supp. 2d at 998 n.2. Because Mink is not a resident of Minnesota and none of the underlying events or facts occurred in this District, the Court affords Mink's choice of forum "significantly less deference." The Court concludes that the deference owed to Mink's choice of forum is outweighed by the convenience that transferring this matter would afford the witnesses and parties.[5]

### c. Conflict of Law Issues

When a matter is transferred under 28 U.S.C § 1404(a), the transferee court is obligated to apply the state law that would have governed had there been no transfer. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964); *see Ferens v. John Deere Co.*, 494 U.S. 516, 523–33 (1990) (extending the *Van Dusen* holding to all diversity cases transferred under section 1404(a)).

In *Fleeger v. Wyeth*, the MDL certified a question of law to the Minnesota Supreme Court concerning Minnesota's conflict of laws rules:

> In a case commenced in Minnesota, does the Minnesota statute of limitations apply to the personal injury claims of a non-Minnesota resident against a defendant not a resident of Minnesota, where the events giving rise to the claims did not occur in Minnesota and took place before August 1, 2004?

---

[5] The deference owed to a plaintiff's choice of forum "is based on an assumption that the plaintiff's choice of forum will be a convenient one." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). But "[w]hen that assumption does not hold—as here, where the plaintiff has chosen an inconvenient forum—the plaintiff's choice of forum fades in importance." *Kunz v. DJO, LLC*, Civil No. 10-712 (DSD/AJB), 2010 WL 2985719, at *2 (D. Minn. July 26, 2010). While "'less' deference does not mean 'no' deference," *CBS Interactive Inc.*, 259 F.R.D. at 408 (quoting *Burks*, 2008 WL 4838720 at *2), it does mean that the plaintiff's preference is only entitled to "minimal weight." *Kunz*, 2010 WL 2985719 at *2 (citing *In re Apple, Inc.*, 602 F.3d at 913).

8

771 N.W.2d 524, 525 (Minn. 2009). The Minnesota Supreme Court answered the certified question affirmatively. *Id.* Thus, personal injury claims, filed as federal diversity cases in Minnesota, which resulted from actions and events that occurred before August 1, 2004, outside of Minnesota, are subject to Minnesota's statute of limitations. *See id.* Mink alleges that Rita Mink was prescribed and ingested Prempro dating back to 1998. (Compl. ¶ 13). As long as Mink is entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules, the Minnesota statute of limitations will continue to govern in the transferee court. *See Ferens*, 494 U.S. at 523; *see also Holt*, 2012 WL 1901290, at *2.

It appears that the parties do not agree as to the governing law for some aspects of this matter.[6] More precisely, it appears that the parties disagree to some extent on the outcome of the application of Minnesota's choice-of-law rules. What is clear, however, is that upon transfer "any choice-of-law issues will be resolved under Minnesota law." *Oien v. Thompson*, 824 F. Supp. 2d 898, 907 (D. Minn. 2010). That is, "a change of venue . . . affects only the location of the courthouse, not the law to be applied." *Burnett v. Wyeth Pharm., Inc.*, Civil No. 06-4923 (DWF/SRN), 2008 WL 732425, at *2 (D. Minn. Mar. 17, 2008). And, as the *Foster* court noted, applying laws from other jurisdictions and forums "is what federal courts do." *Foster v. Wyeth*, at *3. The Court concludes that this factor is neutral.

        **d.    Advantages of Local Court Determining Questions of Local Law**

Rita Mink was a resident of Indiana, Mink is a resident of Indiana, the medical personnel

---

[6] The Defendants, for example, ask the Court to deny Mink's Motion to Amend because they assert that "Plaintiff's claims arise under the Indiana [Wrongful Death Act] only." (Defs.' Resp. at 8). Mink does not address this issue in his response to the Order to Show Cause, but notes that Minnesota courts are equipped to apply the laws of other forums and states generally that this case presents no "conflict of law issues." (Pl.'s Opp'n to Transfer at 8–9) (internal quotation marks omitted).

involved in this case practiced in Indiana, and the prescription for, ingestion of, and alleged injuries from the HRT pharmaceuticals occurred in Indiana. There is little doubt that Indiana has an interest in "protecting the rights of an individual who was injured in that state." *Holt*, 2012 WL 1901290, at *3 (transferring venue to Kansas, the state where plaintiff was diagnosed and treated for cancer). Indiana has a strong interest in protecting its citizens and ensuring that the laws of Indiana and/or the claims of an Indiana resident are properly adjudicated.

Finally, Mink argues broadly that the interests of justice are best served by retaining the case in this District given the substantial amount of business that Defendants conducted in Minnesota. (Pl.'s Opp'n to Transfer at 4, 10–14). But Mink merely alleges that Minnesota residents, along with residents throughout the nation, were targeted by Defendants. *See* (Compl. ¶¶ 15, 17–18, 25). And when presented with nearly identical facts as those presented here, other judges in this District have found transfer of venue warranted. *See, e.g.*, *Holt*, 2012 WL 1901290; *Keith v. Wyeth*, Civil No. 04-3000 (MJD/FLN), 2011 WL 3438859 (D. Minn. Aug. 5, 2011); *Harris v. Wyeth*, Civil No. 04-3170 (MJD/AJB), 2011 WL 881887 (D. Minn. Mar. 11, 2011); *Lefkowitz v. Wyeth*, Civil No. 04-3167 (MJD/AJB), 2011 WL 881839 (D. Minn. Mar. 11, 2011).[7] "[T]here is no exhaustive list of specific factors to consider," and the relevant factors surrounding this case strongly support transferring it to Mink's resident forum. *Terra Int'l*, 119 F.3d 688 at 691.

---

[7] Mink cites *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216 (Mo. 2008) to support his position that transfer should be denied. In *Grady*, an HRT case was brought by 186 plaintiffs, twenty-one of whom were Missouri residents, against thirty-four different defendants. *Id.* at 218. As claims were severed and removed to federal courts, the defendants moved to dismiss the remaining ten cases. *Id. Grady* is distinct. First, the court found that the case would not overburden the court. *Id.* at 222. Second, the issue in *Grady* was whether to dismiss the cases on *forum non conveniens* grounds under Missouri state law, not whether to transfer venue under section 1404(a). *Id.* at 220–23.

### 6. Conclusion

Having considered the relevant section 1404(a) factors, the Court concludes that transferring this case to the United States District Court for the Southern District of Indiana would provide a more convenient forum for the parties and potential witnesses, and a transfer would best serve the interests of justice.

Because the Court recommends this case be transferred, the Court further recommends that Mink's Motion to Amend be denied without prejudice.

### III. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **TRANSFERRED** to the United States District Court for the Southern District of Indiana; and

2. If this Report and Recommendation is adopted, Plaintiff's Motion for Leave to Amend Complaint to Add a Claim for Punitive Damages [Doc. No. 8] should be **DENIED WITHOUT PREJUDICE**.

Dated: October 14, 2014

                                                *s/Steven E. Rau*
                                                STEVEN E. RAU
                                                United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 28, 2014,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.